# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-50036
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GRADY PAUL WATSON, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-94-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Grady Paul Watson appeals his conviction and sentence for possession of child pornography. Watson argues that the District Court erred when it denied his motion to suppress the evidence because the search warrant was not sufficiently particular with regard to the search and seizure of electronic data. Watson's argument is unavailing because the officers seized the electronic data in good faith reliance on the search warrant, and the evidence was subject to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"plain view doctrine." See United States v. Waldrop, 404 F.3d 365, 368 (5th Cir. 2005) United States v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002); United States v. Hill, 19 F.3d 984, 987-988 (5th Cir.1994).

Watson's argument that he is entitled to a new sentencing hearing because the District Court imposed a Guideline sentence without adequate explanation is similarly unavailing. The District Court stated that it considered the Guidelines as advisory and that it considered the factors in 18 U.S.C. § 3553(a). Where, as here, a District Court sentences a defendant within a properly calculated Guidelines range, "little explanation is required," United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), and the sentence is presumptively reasonable, see Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The facts of Watson's offense, the arguments at sentencing, and the District Court's written statement of reasons demonstrates that the District Court exercised its own legal decisionmaking authority in imposing the Guideline sentence in this case. This is legally sufficient. See Rita, 127 S. Ct. at 2468. Accordingly, the decision is AFFIRMED.